# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **AMANDA S.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-18-381** |
| | ) | |
| **ANDREW SAUL,**[1] | ) | |
| | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Amanda S. ("Plaintiff") brought this action under 42 U.S.C. § 406(b) seeking attorney's

fees following the Notice of Award from the Social Security Administration ("SSA"). Before

the Court are Plaintiff's Motion's for Attorney's Fees pursuant to 42 U.S.C. § 406(b)

("Plaintiff's Motion") ECF No. 28 and Defendant's Response to Plaintiff's Motion for

Attorney's Fees under 42 U.S.C. § 406(b) ("Defendant's Response"), ECF No. 30.[2] The Court

has reviewed Plaintiff's Motion, the response thereto, and the applicable law. No hearing is

deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court

hereby **GRANTS IN PART** Plaintiff's Motion. A separate Order will issue.

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] The Court also considered Plaintiff's Letter to the Court (ECF No. 31), Plaintiff's counsel's Response to Plaintiff's Letter to the Court ("Plaintiff's Response") (ECF No. 34) and Defendant's Response (Defendant's Reply) (ECF No. 35).

## I.    Procedural Background

On November 29, 2018, following Plaintiff's Motion for Summary Judgment, the Court pursuant to 42 U.S.C. § 405(g), vacated and remanded the Administrative Law Judge's ("ALJ") decision for further proceedings.  ECF No. 22.  On February 14, 2019, the Court granted Plaintiff's Motion for Attorney's Fees, ECF No. 25.[3]  On remand, the ALJ granted Plaintiff's claims for disability insurance benefits.  Att'y Aff. ¶ 5–6, ECF No. 28–2; *see also* Notices of Awards, ECF No. 28-6, 7, 8.  The Commissioner of the Social Security Administration ("Commissioner") issued Notices of Awards in May and June 2020.  Notices of Award, ECF Nos. 28–6, 7, 8.  On July 3, 2020, Plaintiff's Motion was filed, seeking attorney's fees of $60,581.10.  Pl.'s Mot. 1.

## II.    Analysis

Plaintiff's counsel seeks to recover $60,581.40 representing 25% of Plaintiff's and her auxiliary beneficiaries past due benefits of $256,389.60.[4]  Att'y Aff. ¶ 6.  Plaintiff's counsel states that that he will reimburse $5,906.73 in attorney's fees that he recovered pursuant to EAJA, 28 U.S.C. § 2412.  *Id.* at ¶ 7–8.  Defendant neither supports nor opposes Plaintiff's counsel's request for $54,674.67[5] in attorney's fees and defers to the Court to determine whether the fees are reasonable under the law.  Def.'s Resp. to Pl.'s Mot. 1–2.

---

[3] The Court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, awarded Plaintiff $5,906.73 in attorney's fees.  ECF No. 25.  This award includes $5,886.72 for 29.2 hours of legal work conducted and $20.01 for fees.  *See* Motion for Award of Attorney's Fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412 (d) ("Plaintiff's EAJA Motion").

[4] The *pro rata* share of Plaintiff and her auxiliary beneficiaries benefits and the amounts withheld of 25% are as follows: Plaintiff was awarded $168,607.60 and $40,393.90 was withheld; auxiliary beneficiary J.S. was awarded $43,891.00 and $10,093.75 was withheld; and auxiliary beneficiary S.S. was awarded $43,891.00 and $10,093.75 was withheld.  Notices of Awards, ECF No. 28-6,7,8.

[5] Defendant calculated the actual amount Plaintiff's counsel would receive of $54,674.67, by subtracting $5,906.73, the amount Plaintiff's counsel was awarded through the EAJA, from the total amount withheld of $60,581.40.  Def's Resp. to Pl.'s Mot. 1.

### a. Reasonable Attorney's Fees

Under 42 U.S.C. § 406(b), the Court is authorized to award attorney's fees not to exceed twenty-five (25) percent of a claimant's total past-due benefits to an attorney who successfully represented a claimant before the Court. 42 U.S.C. § 406(b)(1)(A); *see Mudd v. Barnhart*, 418 F.3d 424, 426 (4th Cir. 2005) ("[A] district court may award fees to a successful claimant's lawyer for his representation before the court."). "Although contingent fees are the 'primary means by which fees are set' in Social Security cases, a court must nevertheless perform an 'independent check, to assure that they yield reasonable results in particular cases.'" *Patricia F. v. Comm'r, Soc. Sec. Admin.*, No. DLB-17-2281, 2020 WL 247361, at *1 (D. Md. Jan. 16, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). To determine the reasonableness of an attorney's fee petition, the Supreme Court held that a reviewing court may consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Supreme Court also stated that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* In other words, "[a] fee resulting in a 'windfall' to the attorney is likely not reasonable." (*Terri A. v. Saul*, No. CV DLB-19-151, 2021 WL 1840479, at *1 (D. Md. May 7, 2021) (citing *Gisbrecht*, 535 U.S. at 808)). Further, a court may request Plaintiff's counsel to submit a record of the hours the attorney spent representing Plaintiff and a statement of the attorney's normal hourly rate for noncontingent fee cases. *Gisbrecht*, 535 U.S. at 808.

In this case, Plaintiff and Plaintiff's counsel entered into a contingency fee agreement. Fee Agreement, ECF No. 28–3. Plaintiff agreed to pay her attorney a fee of *up to* twenty-five (25) percent of her past-due benefits. *Id.* Plaintiff's counsel provided an itemization that shows

he spent 29.1 hours representing Plaintiff before the Federal Court. [6] *See* Itemization of Time,

ECF No. 28–5.  Plaintiff's counsel avers that he spent more than 29.1 hours, however, he

reduced the amount that he spent on the itemization to negotiate the EAJA fee.  Att'y Aff. ¶ 14.

If Plaintiff's counsel receives the full amount sought, his effective hourly rate is $2,081.84,

which is close to six times his typical hourly rate.[7]  Although the Court is satisfied with

Plaintiff's counsel's representation, the Court finds that granting Plaintiff's counsel the requested

amount of $60,581.40, would result in a windfall, considering that Plaintiff's past due benefits of

$168,607.60, are very large in comparison to the 29.1 hours of legal work performed.  *See*

*Kotofski v. Astrue*, No. CIV. SKG-09-981, 2012 WL 6136361, at *2 (D. Md. Dec. 10, 2012)

(where the court reduced the contingent fee finding that the past due benefits of $172,200 "were

[very] large in comparison to the amount counsel spent ['24 hours']." *Id.*; *Kimberly B. v.

Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-2519, 2019 WL 1559426, at *2 (D. Md. Apr. 10,

2019) (reducing counsel's contingency fee finding that despite counsel's "effective performance

and the substantial past-due benefit award to his client, his request for $32,803.00 for 23.25

hours in this case would result in a windfall."); *Aimy S. v. Saul*, No. CV DLB-18-1821, 2020 WL

5500225, at *2 (D. Md. Sept. 11, 2020) (finding that counsel's request for $38,193.50 in fees for

22.50 hours of work, making counsel's hourly rate $1697.49, four times his typical hourly rate,

would result in a windfall); *Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-17-1148, 2019

WL 3975187, at *2 (D. Md. Aug. 22, 2019) (reducing counsel's hourly rate to $1,000.00, finding

that counsel's requested hourly rate of $1758.88, over five times his typical hourly rate, would

---

[6] Plaintiff's counsel alleged that he provided 29.2 hours of legal services to Plaintiff.  Att'y Aff. ¶ 14.  However, upon reviewing the Itemization of Time, he spent 29.12 hours, which the Court has rounded to 29.1.

[7] Total amount sought ($60,581.40) divided by total number of hours spent representing Plaintiff (29.1).

result in a windfall.); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-17-2090, 2019 WL

3340738, at *2 (D. Md. July 25, 2019) (reducing counsel's requested hourly rate of $1198.01 to

an hourly rate of $1000, finding that counsel's request, at almost four times his typical hourly

rate, would result in a windfall); *Clinton B. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-18-1529,

2020 WL 2797279, at *2 (D. Md. May 29, 2020) (finding that counsel's request for $32,190.15

in fees for 20.90 hours of work, at an hourly rate of $1349.86, would result in a windfall;

accordingly, the court reduced counsel's hourly rate to $1000, more than triple her hourly rate.).

The Social Security Administration found that Plaintiff's disability started in May 2013,

approximately seven years before Plaintiff received a Notice of Award in June 2020. Notice of

Award, ECF No. 28 – 6. The Court finds that "the size of the past due benefits award and thus

the size of the contingency fee award amount was the result of claimant's long struggle to obtain

benefits and longstanding disability, not the especial legal skill or long-term representation of

counsel of client." *Kotofski*, 2012 WL 6136361, at *2 (D. Md. Dec. 10, 2012).

Plaintiff's counsel has been barred since 2010, has practiced social security law for

approximately (10) ten years, and has been a partner of his firm, ARMS Lawyers, since 2013.

*See* Resume, ECF No. 28–4. Plaintiff's counsel's regular hourly billing rate is $350.00. Att'y

Aff. ¶ 10. Although Plaintiff's counsel's hourly rate is the top hourly rate that is presumptively

reasonable for attorneys with his experience level,[8] the "[c]ourt's in the Fourth Circuit have

approved contingency agreements that produce much higher hourly rates in successful Social

Security Appeals." *Patricia F.*, 2020 WL 247361, at *2 (approving a contingency fee hourly

---

[8] According to the Maryland Local Rules, a reasonable hourly rate for "[l]awyers admitted to the bar for nine (9) to fourteen (14) years" is between $225.00-$350.00/hr. Local R. App. B (D. Md. 2018). However, the local rules do not govern social security cases. *Arvie W. v. Comm'r., Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2, n.1 (D. Md. Aug. 22, 2019). The factors established by social security case law govern the reasonableness of attorney's fees. Local R. App. B (D. Md. 2018).

rate of $515.97); *see also Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3

(E.D.N.C. July 2, 2013) (approving a contingency fee hourly rate of $1,043.92); *Claypool v.*

*Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D.W. Va. 2003) (approving a contingency fee hourly

rate of $1,433.12); *Kearon L. v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160, at *1–2 (D. Md.

July 7, 2016) (unpublished) (approving a contingency fee hourly rate of $1,028.14).

This Court has also approved hourly rates for present counsel that were similar. *See, e.g.*,

*Arvie W.*, 2019 WL 3975187, at *2 (approving a contingency fee hourly rate of $1,000); *Barbara*

*F. v. Comm'r. Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738, at *2 (D. Md. July 25,

2019) (approving a contingency fee hourly rate of $1,000); *Kimberly B.,* 2019 WL 1559426, at

*2 (D. Md. Apr. 10, 2019) (approving a contingency fee hourly rate of $1,000, more than triple

the top hourly rate for an attorney with experience for five to eight years according to

Maryland's Local Rules.).

Here, Plaintiff's counsel performed effectively by obtaining a significant past-due benefit

award to his client.   Specifically, the Court recognizes that Plaintiff's counsel successfully

represented her at the District Court level when Plaintiff did not have representation during the

administrative proceedings.  Pl.'s Resp. 3.  Although, "[h]ourly rates exceeding $1,000 are the

exception, not the rule," the Court has considered different factors to determine an appropriate

hourly rate in this case, including the typical rates awarded to attorneys for Social Security cases

in other courts by the Fourth Circuit and this District.  *Kimberly B.,* 2019 WL 1559426, at *2;

*Aimy S.*, 2020 WL 5500225, at *2.   The Court also notes that counsel's initial memorandum for

summary judgment was detailed, (25) twenty-pages, detailed, and raised five issues.  *See*

Plaintiff's Motion for Summary Judgment, ECF No. 18.  Without the assistance of counsel,

Plaintiff most likely would not have prevailed.  *Kotofski*, 2012 WL 6136361, at *2.  The Court

considers the amount of the past due benefits, the amount of years the past due benefits included involved, Plaintiff's legal work performed on this case, and that in this District generally hourly rates around $1000 or approximately triple the amount of an attorney's typical hourly rate, are considered reasonable. Although the Court does not see an exceptional reason to diverge from the general rule of not exceeding an effective hourly rate of $1000 in this case, the Court notes that several cases in this District have awarded, attorneys around three times the attorney's typical hourly rate. For these reasons, the Court will compensate Plaintiff's counsel and award him at least three times his typical hourly rate.

Thus, this Court finds that an award of $30,555, amounting to an effective hourly rate of $1,050.00 — which is triple his hourly rate under the Maryland Local Rules for an attorney with similar experience, will adequately compensate him for this case. Hence, the Court awards attorney's fees totaling $30,555.00. Plaintiff's counsel is directed to reimburse Plaintiff the $5,906.73 in fees previously received pursuant to the EAJA, 28 U.S.C. § 2412 award, as discussed in Plaintiff's Motion. Pl.'s Mot. 1; Att'y Aff. ¶ 7–8.

### b. Plaintiff's allegations regarding her legal representation

This Court also reviewed Plaintiff's Letter to the Court, Plaintiff's Response, and Defendant's Reply (ECF No. 35). Plaintiff made several allegations regarding her legal representation. The Court agrees with Plaintiff's counsel that Plaintiff's Motion solely relates to representation in Federal Court. Pl.'s Resp. 1. This Court lacks the authority to review the past-due benefits that are given at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (stating that "courts are 'without jurisdiction to decree compensation for professional representation' at the administrative level, *Robinson v. Gardner,* 374 F.2d 949, 950 (4th Cir.1967), because the Commissioner 'alone is empowered to make awards for services rendered

in agency proceedings,'" *Morris v. SSA,* 689 F.2d 495, 497 (4th Cir.1982)). Therefore, the Court

will not discuss the fee agreement or award that was issued to Plaintiff's counsel at the

administrative level.

Plaintiff also alleged in her Letter to the Court that counsel is not entitled to the auxiliary

benefits she received on behalf of her children. As counsel stated, the Supreme Court held that

attorney's fees under the Social Security Act may also include benefits received by other

dependent family members. Pl.'s Resp. 3; *Hopkins v. Cohen*, 390 U.S. 530, 88 S. Ct. 1146, 20 L.

Ed. 2d 87 (1968). Although there is limited case law in this District and the Fourth Circuit, a

recent case in the Fourth Circuit explained *Hopkins,* and held that "total past-due benefits include

the past-due benefits of all recipients on the claimant's Social Security account, i.e., the claimant

and [her] eligible dependents." *See Jacobus v. Saul*, No. 5:17-CV-3438-TMC, 2021 WL

231328, at *1 (D.S.C. Jan. 22, 2021). However, the Fourth Circuit has also found that "adding

the past due benefits of Plaintiff's dependents to the proposed calculation would indeed provide a

windfall to Plaintiff's counsel." *Guinn v. Berryhill*, No. 1:14-CV-182-RJC-DCK, 2018 WL

4258510, at *2 (W.D.N.C. Sept. 6, 2018); *see, e.g. Cortes v. Colvin*, No. 1:11CV1910, 2014 WL

4472613, at *2, n.3 (N.D. Ohio Sept. 10, 2014) (stating that "*Hopkins* does not prevent this Court

from considering, as part of its windfall analysis, the fact that counsel performed no additional

work before this Court with regard to Plaintiff's . . . dependent family members.").

Even so, since the Court already determined that Plaintiff's counsel's requested hourly rate of

$2,081.84, would result in a windfall to Plaintiff's counsel, the Court feels no need to discuss this

issue further.

.

**III.** **Conclusion**

Based on the foregoing, the Court hereby **GRANTS IN PART** Plaintiff's Motion.

June 30, 2021                                             /s/
                                                  Charles B. Day
                                                  United States Magistrate Judge

CBD/pjkm